■ SARAH NWADE, Individually and as Mother and Natural Guardian of OBINECHE NWADE, an Infant, Appellant, v MISERICORDIA HOSPITAL et al., Respondents. [662 NYS2d 319] —Orders, Supreme Court, Bronx County (Barry Salman, J.), entered May 30, 1996 and January 24, 1997, which, respectively, granted the motion of defendants Liebert and Mandel to dismiss the complaint on Statute of Limitations grounds and denied plaintiff's cross-motion to file a late notice of medical

malpractice pursuant to CPLR 3406 (a), and granted the motion of Our Lady of Mercy Medical Center (Misericordia) for summary judgment dismissing the complaint on Statute of Limitations grounds and denied plaintiff's motion for renewal of her cross-motion, unanimously modified, on the law, to the extent of denying the motions to dismiss the complaint as against defendants Mandel and Misericordia, reinstating the complaint against those defendants and otherwise affirmed, without costs.

The complaint against defendants Mandel and Misericordia should not have been dismissed on Statute of Limitations grounds where Dr. Mandel admitted that she treated the infant plaintiff during nine office visits from October 20, 1983 through March 15, 1985, which treatment, plaintiff alleges, was negligent. Any claim of continuous treatment has nothing to do with the initial act of alleged negligence, the hernia repair performed by defendant Liebert on October 4, 1983, and dismissal as to him was proper. However, the subsequent treatment of the infant by Dr. Mandel is alleged to be negligent, giving rise to a different cause of action (*see, McDermott v Torre,* 56 NY2d 399, 407). A question of fact is also presented as to whether Dr. Mandel was an employee of Misericordia at the time inasmuch as plaintiff alleges all of the infant's medical treatment by Dr. Mandel took place at Misericordia's clinic. Concur—Ellerin, J. P., Williams, Mazzarelli, Andrias and Colabella, JJ.